IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>DA LIQUIDATING CORP.,<br>f/k/a DELIVERY AGENT, INC., *et al.*,<br><br>Debtors. | Chapter 7<br><br>Case No. 16-12051 (LSS) |
| George L. Miller, solely in his capacity as the Chapter 7 Trustee of DA Liquidating Corp., f/k/a Delivery Agent, Inc. *et al.*,<br><br>Plaintiff,<br><br>vs.<br><br>Easy Star Records,<br><br>Defendant. | Adv. No. 18-50752<br><br>Re: Docket Nos. 24, 25, 28, 32, 33 & 37 |

## MEMORANDUM

Before me is a motion to dismiss a preference action filed by the chapter 7 trustee. For the reasons set forth below, the motion will be granted.

**Background**[1]

Debtors[2] filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code[3] on September 15, 2016. On June 7, 2017 an order converting the cases to chapter 7 of the Code was entered. George L. Miller was appointed as the interim chapter 7 trustee of the estates and continues to serve in that capacity ("Trustee").

---

[1] All facts come from the Complaint as required on a motion to dismiss under Rule 12(b)(6).
[2] Debtors include: MusicToday Liquidating LLC, f/k/a MusicToday, LLC, Clean Fun Liquidating Corp., f/k/a Clean Fun Promotional Marketing, Inc., and Shop the Shows Liquidating LLC, f/k/a Shop the Shows, LLC.
[3] 11 U.S.C. § 1101 *et seq* ("Code").

Prior to filing their bankruptcy petitions, Debtors operated three businesses: (i) an e-commerce business; (ii) a promotional marketing business, and (iii) a television commerce business:

> Through the e-commerce business, the Debtors provided a proprietary ecommerce technology platform to its partners through exclusive multi-year agreements that typically included revenue sharing provisions. The Debtors powered hundreds of digital commerce storefronts which offered thousands of products relating to TV shows, movies, music, sports and artists. Delivery Agent also provided in-house services that include website operations, product design, development, merchandising, order fulfillment, and customer service.
>
> Through the promotional marketing business (also known as "Clean Fun"), the Debtors enabled major entertainment, media, and consumer brands to address their business and marketing needs. The Debtors' promotional marketing services included product design, product development, and account management.
>
> Through the television commerce business, Delivery Agent launched a television commerce (t-commerce) platform called "ShopTV." The ShopTV platform enabled brands to launch interactive advertising campaigns and also allowed television audiences to shop directly from the television using the ShopTV app found within the smart hub of tens of millions of connected television devices. Television commerce is an area of business pioneered by the Company and its strategic partners in the media, smart TV and advertising sectors.[4]

On September 13, 2018, Trustee commenced this adversary proceeding by filing the Complaint seeking to avoid and recover one alleged preferential transfer. As detailed on Exhibit A to the Complaint, on August 22, 2016, Debtors made a wire transfer to Defendant in the amount of $16,371.82 from an account held in the name of Delivery Agent, Inc. ("Transfer"). The only factual information alleged about the basis of the Transfer is:

> Upon information and belief, Defendant was, at all relevant times, a vendor to (or creditor of) the Debtors.
>
> The Transfers were made on account of the Debtors' purchase, on an unsecured basis, of products or services from the Defendant.[5]

---

[4] Trustee's Complaint for Avoidance and Recovery of Preferential Transfer Pursuant to 11 U.S.C. §§ 547 and 550, D.I. 1 ("Complaint") ¶¶ 15-17.
[5] Complaint ¶¶ 21, 25.

The Complaint sounds in two counts: avoidance of the Transfer under § 547(b) of the Code and recovery of the Transfer under § 550 of the Code.

Defendant filed its Motion to Dismiss[6] on July 2, 2019. Defendant makes several arguments: (1) the Complaint fails to state a cause of action; (2) the Transfer was in the ordinary course of business; (3) the Transfer was intended as a contemporaneous exchange for new value; and (4) Defendant Easy Star is a mere conduit of the proceeds of the Transfer. Along with its opening brief,[7] Defendant filed the Declaration of Lem Oppenheimer which describes the relationship between Debtors and Defendant and attaches (i) a Merchandise Fulfillment Agreement together with Standard Terms and Conditions, (ii) an Addendum to Official Webstore Agreement for Easy Star Records ((i) and (ii), collectively, "Contracts"), (iii) a payment analysis and a (iv) pre-order statement.

Trustee filed his answering brief on July 15, 2019.[8] Trustee argues that he has made a prima facie case for avoidance and that a court may not dismiss a complaint based on affirmative defenses that are grounded in disputed facts and legal contentions extraneous to the face of the Complaint.

In its Reply Brief,[9] Defendant sharpens its failure to state a claim argument by specifically asserting that Trustee has not sufficiently alleged an antecedent debt. It also argues that Trustee has not pled facts to show that the Transfer was "of an interest of the debtor in property." Defendant argues that Debtor provided services to Defendant by

---

[6] Motion of Defendant Easy Star Records to Dismiss the Complaint Filed by Chapter 7 Trustee of MusicToday Pursuant to Fed. R. Civ. Proc. 12(b)(6), D.I. 24.
[7] Opening Brief of Defendant Easy Star records in Support of Motion to Dismiss the Complaint of Plaintiff MusicToday Filed by George L. Miller, Chapter 7 Trustee, D.I. 25.
[8] Brief of George L. Miller, Chapter 7 Trustee, In Response to Defendant's Motion to Dismiss, D.I. 28.
[9] Defendant Easy Star Records Reply to the Brief of George L. Miller, Chapter 7 Trustee in Opposition to Defendant's Motion to Dismiss, D.I. 33.

processing orders for Defendant's products. Defendant further contends that the balance of funds Debtor held after deducting agreed fees for Debtor's services were held in trust for Defendant. Defendant also attached to its Reply Brief a Declaration of Charles Patrizia Jr., Vice President, eCommerce and General Manager of MusicToday, LLC (one of the Debtors), who supports Defendant's view of the arrangement between Debtor and Defendant. Additionally, Defendant submitted the Supplemental Declaration of Lem Oppenheimer attaching a spreadsheet from a MusicToday accounts payable specialist reflecting gross sales and payments from January 2013 through the petition date.

Mediation did not resolve this dispute so it is ripe for decision.

**Jurisdiction**

The Court has subject matter jurisdiction over this adversary proceeding. 28 U.S.C. §§ 157, 1334. Trustee alleges this is a core proceeding. While Defendant demands a jury trial, it is silent on whether this is a core proceeding as well as my ability to enter a final order. This is a core proceeding. 28 U.S.C. § 157(b)(2)(F). And, under Del. Bankr. L.R. 7012-1, I can enter final orders in this adversary proceeding consistent with the United States Constitution.

**Discussion**

"The test in reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6) is whether, under any 'plausible' reading of the pleadings, the plaintiff would be entitled to relief."[10] "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial

---

[10] *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 772 (3d Cir. 2013) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

experience and common sense."[11]  "A claim will be dismissed if, after accepting all well-pled facts as true and resolving all inferences in favor of the plaintiff, the court finds no entitlement to relief."[12]  Without a sufficient factual predicate, a complaint supported merely through the formulaic recitation of the § 547 factors and conclusory allegations will not survive a motion to dismiss.[13]

A Rule 12(b)(6) motion is meant to test the sufficiency of a complaint's factual allegations.[14]  When deciding a motion to dismiss, "courts generally only consider the allegations contained in the complaint, exhibits attached thereto, and matters of public record . . . . [but] [a]n exception exists for a document integral to or explicitly relied upon in the complaint without converting the motion to dismiss into one for summary judgment."[15]

As set forth above, Defendant attached the Contracts to its submissions.  The Contracts set out the terms for the exchange of goods and services between the parties, thus they are integral to the Complaint as they define the nature of the relationship between the parties.  While, as set forth below, I will not review the Contracts for all purposes, I will do so to review the factual allegations Trustee says support his prima facie case.

---

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).
[12] *Guidotti*, 716 F.3d at 772 (citing *McGovern v. City of Phila.*, 554 F.3d 114, 115 (3d Cir. 2009)). *See In re ScripsAmerica, Inc.*, No. 16-11991 (JTD), 2019 WL 5073850, at *1 (Bankr. D. Del. Oct. 9, 2019) (citing *Guidotti*, 716 F.3d at 772; *McGovern v. City of Phila.*, 554 F.3d 114, 115 (3d Cir. 2009)).
[13] *See In re Liquid Holdings Grp., Inc.*, No. 16-10202 (KG), 2018 WL 6841351, at *3 (Bankr. D. Del. Nov. 14, 2018) ("Simply reciting 'the elements of section 547 in place of any factual allegations is 'insufficient to withstand a motion to dismiss.'") (citing *Gellert v. Lenick Co.* (*In re Crucible Materials Corp.*), No. 10-55178, 2011 WL 2669113, at *4 (Bankr. D. Del. July 6, 2011)).
[14] *In re Liquid Holdings Grp. Inc.*, 2018 WL 6841351, at *2.
[15] *In re W.J. Bradley Mortg. Capital, LLC*, 598 B.R. 150, 164 (Bankr. D. Del. 2019) (internal quotation marks omitted).

## I.     Trustee Fails to State a Claim.

To be plausible, the complaint must allege a prima facie case. In order to survive a motion to dismiss, a preference complaint must include: "(a) an identification of the nature and amount of each antecedent debt and (b) an identification of each alleged preference transfer by (i) date [of the transfer], (ii) name of debtor/transferor, (iii) name of transferee and (iv) the amount of transfer."[16] Defendant argues that the Trustee failed to allege any antecedent debt and that the only factual predicate for the claim is that the Transfer was made on account of Debtor's purchase of goods or services from Defendant. Defendant further contends that this statement is false as Debtors did not purchase goods or services from Defendant. Trustee glosses over this contention. Instead, Trustee argues his pleading is sufficient because Defendant concedes that Debtors were obligated to pay Easy Star under the Contracts making Defendant "a creditor" of the Debtors.

Trustee misses the mark. To survive a motion to dismiss, Trustee must sufficiently plead all elements of a preference, including an antecedent debt. The only factual allegations in the Complaint are that Defendant was a vendor or creditor of Debtors, and the Transfers were made on account of Debtor's purchase of products or services from Defendant. Neither of these statements identify an antecedent debt. Moreover, these statements are not correct. A review of the Contracts shows that MusicToday.com, Inc. provided services to Easy Star. Easy Star is the "Customer" under the Contracts. And, MusicToday.com, Inc., agrees to provide merchandise fulfillment services to East Star.[17]

---

[16] In re *THQ, Inc.*, No. 12-13398 (MFW), 2016 WL 1599798, at *1 (Bankr. D. Del. Apr. 18, 2016) at *3 (citing *OHC Liquidation Tr. v. Credit Suisse First Boston (In re Oakwood Homes Corp.)*, 340 B.R. 510, 521-22 (Bankr. D.Del. 2006); *Valley Media, Inc.*, 288 B.R. 189, 192 (Bankr. D. Del. 2003)).

[17] *See e.g.* Merchandise Fulfillment Agreement 1 ("By signing this Agreement, you [Easy Star] agree to engage MusicToday.com, inc. ('us") to provide you with the merchandise fulfillment services described in this Agreement."). In the Contracts, Debtors agree to, among other things, accept and

Trustee has misdescribed the fundamental relationship between Debtors and Defendant. Before he can properly state any claim against Defendant, Trustee must first understand and correctly plead the relationship.

The Motion to Dismiss will be granted.

### II. Defendants Defenses are not Apparent from the Face of the Complaint so do not Warrant Dismissal

Defendant also moved to dismiss the Complaint on theories of ordinary course of business, contemporaneous exchange for new value and mere conduit. Each of these arguments is supported by the Declaration of Lem Oppenheimer, the Supplemental Declaration of Lem Oppenheimer and the Declaration of Charles Patrizia Jr. The very existence of these declarations and the facts attested to therein show that these defenses are not the type that can be adjudicated based on the face of the Complaint. Accordingly, these defenses are not grounds for dismissal.[18]

### III. The Newly-Minted Theory in the Reply Brief Will not Be Entertained on a Motion to Dismiss

In its Reply Brief, Defendant raises for the first time that the Complaint should not survive the Motion to Dismiss because the facts pled do not support that the Transfer was of an "interest of the debtor in property." This aspect of a preference is foundational and must be established before even addressing the enumerated elements of the claim.[19] Defendant

---

process mail, telephone, fax and internet orders for Easy Star's merchandise, process credit card payments and payments received by check, collect sales tax, mail out Easy Star's merchandise to purchasers, insure Easy Star's merchandise warehoused by Debtor, construct and host a web store for Easy Star, send monthly statements of sales to Easy Star and forward net proceeds monthly to Easy Star. *Id.*

[18] *See In re G-I Holdings, Inc.*, 313 B.R. 612, 631 (Bankr. D.N.J. 2004). (dismissal is appropriate "when the face of the complaint clearly reveals the existence of a meritorious affirmative defense.").

[19] 11 U.S.C. 547(b) ("Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property . . . .").

7

argues, as it did with respect to its antecedent debt argument, that Trustee improperly pleads a vendor/vendee relationship supported solely by erroneous facts and that the Complaint fails to state a cause of action because, at bottom, "the [Transfer] was simply a remittance of money collected on Defendant's behalf . . . [and] was not property in which the Plaintiff has any legal interest."[20]  In essence, Defendant is arguing that money collected by Debtors was held in trust for Defendant.[21]  Defendant supports its position by quoting the Patrizia Declaration which states "*Other than payment of its fee and other charges, MusicToday had <u>no interest</u> in the remaining sale proceeds.*"[22]

Trustee has not had an opportunity to respond to this argument as it was raised in Defendant's Reply Brief.  And, as with the affirmative defenses, this argument is supported by a declaration.  Accordingly, I will not grant the Motion to Dismiss on this ground.

**Conclusion**

Because Trustee has not sufficiently pled an antecedent debt, the Motion to Dismiss will be granted.[23]  A separate order will enter.

Dated: October 26, 2020

                                                        Laurie Selber Silverstein
United States Bankruptcy Judge

---

[20] Defendant's Opening Brief 8.
[21] Reply Brief 11.
[22] *Id.* (emphasis in original).
[23] Trustee did not seek permission to amend the Complaint. To the extent Trustee considers such a motion, he would be well advised to read the declarations.